JOSEPH W. CHARLES, ESQ #3038
5704 West Palmarie Avenue P.O. BOX 1737
Glendale, AZ 85311-1737
623-939-6546
623-939-6718
attyjcharles@joe charles.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| In re: | Case No.2:07-BK-06491 |
|---|---|
| ELDON G. HEYDENREICH | **CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES** |
| Debtor(s). | |
| SSN xxx-xx-5485  SSN | ☐ Original<br>☐ Amended<br>☐ Modified |

Your rights may be affected by this Plan. If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest. If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims. To receive payment on an unsecured claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

☐ This is an Amended or Modified Plan. The reasons for this Amended or Modified Plan are: Objections to Confirmation and proof of claims.

(A) **Plan Payments and Property to be Submitted to the Plan.**

    (1) Plan payments start on January 3, 2007. The Debtor shall pay the Trustee as follows:

        $400.00 each month for month 1 through month 24
        $625.00 each month for month 25 through month 60.

    The proposed plan duration is 60 months. The applicable commitment period is 0 months. Section 1325(b)(4).

    (2) Debtor will submit the following property in addition to plan payments: [*Describe or state none.*]

(B)   **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received.

(C)   **Treatment of Administrative Expenses and Claims.** Except for adequate protection payments under (C)(1), and payments to cure arrears on leases or unexpired executory contracts under (C)(3), the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (K), disbursements by the Trustee shall be in the following order:

    (1) *Preconfirmation adequate protection payments.*

1

Preconfirmation adequate protection payments. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the following secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the trustee requesting payment of preconfirmation adequate protection payments. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid prior to these claimants are paid in full.

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| TRIAD FINANCIAL CORP | 2003 CHEVROLET S-10 PICKUP | $349.00 |

❑ See Section (K), Varying Provisions.

(2) *Administrative expenses.* Section 507(a)(2).

    (a) Attorney fees. Debtor's attorney received $1500.00 before filing. The balance of $2,500.00 or an amount approved by the Court upon application shall be paid by the Trustee. See Section G for the application.

    (b) Other Administrative Expenses. [*Describe.*]

❑ See Section (K), Varying Provisions.

(3) *Leases and Unexpired Executory Contracts.* Pursuant to § 1322(b), the Debtor assumes or rejects the following leases or unexpired executory contracts. For those leases or executory contracts with an arrearage to cure, the debtor proposes repayment of any arrearage in the plan payments as follows:

    (a) Assumed:

| Creditor | Property Description | Estimated Arrearage | Arrearage Through |
|---|---|---|---|
| NONE | | $ | |

    (b) Rejected:

| Creditor | Property Description |
|---|---|
| NONE | |

❑ See Section (K), Varying Provisions.

(4) *Claims Secured <u>Solely</u> by Security Interest in Real Property.* Unless otherwise stated below, Debtor shall pay post-petition payments directly to the creditor. Prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated. The actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim.

2

| Creditor/Servicing Agent | Property Description | Estimated Value of Property and Valuation Method | Estimated Arrearage Amount | Arrearage Through |
|---|---|---|---|---|
| NONE | | $ | $ | |

See Section (K), Varying Provisions.

*Claims Secured by Personal Property or a Combination of Real and Personal Property.*

| Creditor | Property Description | Estimated Value of Property and Valuation Method | Secured Claim Amount | Interest Rate |
|---|---|---|---|---|
| TRIAD FINANCIAL | 2003 CHEVROLET S-10 PICKUP TRUCK | $ 8,5000.00 Kelly Blue Book | $ 6,422.75 | 10% |
| IRS | EXEMPT PROPERTY | Schedules | $13,477.25 | 8% |

❏ See Section (K), Varying Provisions.

(6) *Priority, Unsecured Claims.* The Plan provides for full payment of claims pro rata entitled to priority treatment under § 507.

   (a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

   | Creditor | Estimated Arrearage |
   |---|---|
   | NONE | |

   (b) Other unsecured priority claims.

   | Creditor | Type of Priority Debt | Estimated Amount |
   |---|---|---|
   | IRS | taxes 2004 -2006 | $1,850.00. |
   | ARIZONA DEPT REV | TAXES 2004-05 | $ 736.00 |

   ❏ See Section (K), Varying Provisions.

(7) *Nonpriority, Unsecured Claims.* Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

   ❏ See Section (K), Varying Provisions.

(D) **Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first.

(E)   **Surrendered Property.** Debtor surrenders the following property. Upon confirmation of this Plan or except as

3

otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim submitted by such creditor shall receive **no** distribution until the creditor files an amended proof of claim that reflects a deficiency balance remaining on the claim. ***Should the creditor fail to file an amended claim consistent with this provision, any pro rata distribution shall be forfeited to other unsecured, nonpriority creditors.***

| Claimant | Property to be surrendered |
|---|---|
| NONE | |

) **Codebtor Claims**. The following codebtor claims are to be paid pro rata before unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| NONE | | |

(G) **Attorney Application for Payment of Attorney Fees.** Counsel for the Debtor has received a prepetition retainer of $1,500.00, to be applied against fees and costs incurred. Fees and costs of $2,500 shall be paid from funds held by the Chapter 13 Trustee as an administrative expense.

☐ **Flat Fee**. Counsel for the Debtor has agreed to a total sum of $1500.00 to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

- ☐ Review of financial documents and information.
- ☐ Consultation, planning, and advice, including office visits and telephone communications.
- ☐ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
- ☐ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
- ☐ Attendance at the § 341 meeting of creditors.
- ☐ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
- ☐ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
- ☐ Responding to motions to dismiss, and attendance at hearings.
- ☐ Responding to motions for relief from the automatic stay, and attendance at hearings.
- ☐ Drafting and mailing of any necessary correspondence.
- ☐ Preparation of proposed order confirming the plan.
- ☐ Representation in any adversary proceedings.
- ☐ Representation regarding the prefiling credit briefing and post-filing education course.

☐ **Additional Services**. Counsel for the Debtor has agreed to charge a flat fee for the following services provided to the Debtor post-confirmation of the plan:

- ☐ Preparation and filing of Modified Plan $_____.
- ☐ Preparation and filing of motion for moratorium $_____.
- ☐ Responding to motion to dismiss, and attendance at hearings $_____.
- ☐ Defending motion for relief from the automatic stay, and attendance at hearings $_____.
- ☐ Other _____.

All other services will be billed at the rate of $_____ per hour for attorney time and $_____ per hour for paralegal time. Counsel shall file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time expended in the case in the separate fee application.

☐ **Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the

4

case.

- ☐ Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $_____ per hour for attorney time and $_____ per hour for paralegal time; **or**

- ☐ Counsel will file a motion and notice a separate fee application for Court approval detailing the fees and costs requested *should fees and costs exceed the flat fee amount as stated above in this section.*

(H) **Vesting**. Vesting of property of the estate. Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: [*Describe or state none.*]

❑ See Section K, Varying Provisions.

(I) **Tax Returns**. While the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: [*state: not applicable or describe unfiled returns*].

(J) **Funding Shortfall**. Debtor will cure any funding shortfall before the Plan is deemed completed.

(K) **Varying Provisions**. The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (H):

(1) NONE

(L) **Plan Summary**. If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

(1) Administrative Expenses: .................................................................................................. $2500.00
(2) Priority Claims ........................................................................................................................... $2586.00
(3) Payments on Leases or to Cure Defaults, Including Interest ............................................... $_____
(4) Payments on Secured Claims, Including Interest ............................................................... 24076.15
(5) Payments on Unsecured, Nonpriority Claims ..................................................................... $ 0.00
(6) SUBTOTAL ........................................................................................................................... $29162.15
(7) Trustee's Compensation (10% of Debtor's Payments) ....................................................... 2916.22
(8) Total Plan Payments ........................................................................................................... $32078.37

(M) **Section 1325 analysis.**

(1) Best Interest of Creditors Test:
    (a) Value of debtor's interest in nonexempt property ............................................... $0.00
    (b) Plus: Value of property recoverable under avoiding powers ............................. $0.00
    (c) Less: Estimated Chapter 7 administrative expenses ............................................ $0.00
    less: Amount payable to unsecured, priority creditors .................................................. $2586.00
    (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 $0.00

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2) Section 1325(b) Analysis:

5

(a) Amount from Line 58, Form B22C, Statement of Current Monthly Income ............................ $0.00
(b) Applicable Commitment Period ............................................................................................ x 60
(c) Section 1325(b) amount ((b)(1) amount times 60) ............................................................. $0.00

(3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan .................................................. $0.00

6

Dated: 12-3- , 200 7 .

_____  _____
Debtor                            Debtor

_____
Attorney for Debtor

7